IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| MARK ARSENIO MINGO, | : | CASE NO. 17-12526-WHD |
| | : | |
| Debtor. | : | |
| | : | |
| _____ | : | |
| CONSUMER PORTFOLIO | : | |
| SERVICES, INC., | : | |
| | : | |
| Movant, | : | |
| | : | CONTESTED MATTER |
| v. | : | |
| | : | |
| MARK ARSENIO MINGO, Debtor; | : | |
| and MELISSA J. DAVEY, Trustee, | : | |
| | : | |
| Respondents. | : | |

## **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW Consumer Portfolio Services, Inc. (the "Movant"), a creditor of the referenced Debtor, and hereby moves this Court to deny confirmation of Debtor's Chapter 13 Plan. In support of its objection, the Movant shows the Court as follows:

1.

On November 29, 2017, Mark Arsenio Mingo ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Section 1301 et seq., and said case is presently pending before this Court.

2.

Movant has a net claim in this case in the approximate amount of $11,919.91 secured by a 2007 Honda Accord (the "Collateral").

3.

Debtor's Chapter 13 Plan proposes to pay Movant's secured claim of $11,919.91 at $9,388.78 at 6%, with $75.00 payments per month in pre-confirmation adequate protection, and $175.00 monthly post-confirmation payments.

4.

Movant objects to the treatment of its claim in the proposed plan. Movant's claim amount of $11,919.91 should be paid in full, as the Collateral was purchased on May 7, 2016, which is within 910 days of filing.

5.

Debtor is not providing Movant with an adequate enough risk factor. The prime rate of interest was 4.25% the month this case was filed. *Till* suggests the appropriate risk factor in this case to be 8.25%. Accordingly, the plan cannot be confirmed without an interest rate of at least 8.25%.

6.

The Collateral is depreciating through use and over time and the Debtor is not adequately protecting Movant's interest in the Collateral. Debtor is not proposing an appropriate pre-confirmation adequate protection payments in violation of 11 U.S.C. Section 1326(a)(1)(C).

Debtor's plan proposes to pay Movant pre-confirmation payments of $75.00 and $175.00 payments. The proposed payments are insufficient to pay the claim out within the 60 month term limit. This is bad faith. If Movant is to be paid the full claim with 8.25% interest, then monthly payments must average $248.77 to avoid a term problem. Movant should receive an average of $248.77 in monthly payments over the course of the plan in order for the plan to be feasible.

Any increase in pre-confirmation adequate protection payments prior to Confirmation needs to be made to have the effect of being retroactive to the filing date to pay Movant the correct amount of adequate protection (i.e., a lump sum amount that will be enough to make up for the difference in adequate protection previously disbursed by the Trustee and what Movant is entitled to).

7.

This case may not be feasible in contravention of 11 U.S.C. §1325(a)(6). Debtor bears the burden of proving all elements of confirmation, including the feasibility of this case and should be required to produce documents to support all income and expenses listed on Schedules I and J.

8.

The specific terms of the proposed plan itself are not proposed in good faith in violation of 11 U.S.C. §1325(a)(3).

9.

Movant has no proof of full coverage insurance on the Collateral and is therefore not adequately protected.

WHEREFORE, the Movant prays that its Objection to Confirmation of Chapter 13 Plan be inquired into and sustained and that it has such other and further relief as this Court deems just and proper.

This February 8, 2018.

>The Law Office of
>LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
>Attorneys for Movant
>
>
>By:  /s/Philip L. Rubin
>     Philip L. Rubin
>     Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| MARK ARSENIO MINGO | : | CASE NO. 17-12526-WHD |
| | : | |
| Debtor. | : | |
| | : | |
| CONSUMER PORTFOLIO SERVICES, INC., | : | |
| | : | |
| Movant, | : | |
| | : | CONTESTED MATTER |
| v. | : | |
| | : | |
| MARK ARSENIO MINGO, Debtor; and MELISSA J. DAVEY, Trustee, | : | |
| | : | |
| Respondents. | : | |

## **CERTIFICATE OF SERVICE**

The undersigned, Philip L. Rubin, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN on the following parties 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Mark Arsenio Mingo
501 Boulevard
Lagrange, GA 30240

James G. Baker
305 North Greenwood Street
LaGrange, GA 30240

Melissa J. Davey
Chapter 13 Trustee
260 Peachtree Street, NW
Suite 200
Atlanta, GA 30303

    This February 8, 2018.

                The Law Office of
                LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                Attorneys for Movant


                By:  /s/Philip L. Rubin
                     Philip L. Rubin
                     Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com