UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | \| | CHAPTER 13 |
| | \| | |
| Mark Arsenio Mingo | \| | CASE NO. 17-12526-whd |
| SSN: xxx-xx-5713 | \| | |
| Debtor | \| | Judge W. Homer Drake, Jr. |

**FIRST AMENDMENT TO CHAPTER 13 PLAN**

Comes now the Debtor in the above case and amends his Chapter 13 plan as follows:

1.

Paragraph 2 "Plan Payments and Length of Plan" of the Chapter 13 plan provided as follows:

Debtor will pay the sum of **$450.00** per month to Trustee by **(XX)**Payroll Deduction(s) or by ( )Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and §1326(a)(1)(C).

2.

The Debtor seeks to amend Paragraph 2 of the Chapter 13 plan to increase the monthly plan payment

to $525.00, resulting as follows:

Debtor will pay the sum of **$525.00** per month to Trustee by **(XX)**Payroll Deduction(s) or by ( )Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and §1326(a)(1)(C).

3.

Paragraph 6(A)(ii)(a) "Secured Claims" of the Chapter 13 plan provided as follows:

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Consumer Portfolio Services | 2007 Honda Accord | 6/2016 | $9,388.78 | 6% | $175.00 |
| Speedy Cash Illinois, Inc. | 2008 Ford Explorer | 8/2/2017 | $8,425.09 | 6% | $175.00 |
| | | | | | |

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GEORGIA 30240**
**Telephone: (706) 884-3059**
**Fax: (706) 882-4062**
**jgbaker@jgbpc.com**

4.

The Debtor seeks to amend Paragraph 6(A)(ii)(a) of the Chapter 13 plan to increase the claim amount of the Debt owed to Consumer Portfolio Services and increase the interest rate to 6.5% and monthly payments to $240.00, resulting as follows:

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Consumer Portfolio Services | 2007 Honda Accord | 6/2016 | $11,919.91 | 6.5% | $240.00 |
| Speedy Cash Illinois, Inc. | 2008 Ford Explorer | 8/2/2017 | $8,425.09 | 6% | $175.00 |

5.

Paragraph 8 "Executory Contracts and Unexpired Leases" of the Chapter 13 plan provided as follows:

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for Information purposes) |
|---|---|---|---|
| None | | | |

6.

The Debtor seeks to amend Paragraph 8 of the Chapter 13 plan to include a residential lease with Home Property Management, resulting as follows:

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for Information purposes) |
|---|---|---|---|
| Home Property Management | Residential lease | $875.00/month | -0- |

The Debtor after having filed the initial plan on November 29, 2017, hereby amends the plan in this case as is described above and sets forth the First Amended Plan in its entirety as follows:

**Extension** (   )                                                                                        **Composition (XX)**

You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 plan:

1. **Submission of Income**.  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

JAMES G. BAKER, P.C.
305 NORTH GREENWOOD STREET
LAGRANGE, GEORGIA 30240
Telephone: (706) 884-3059
Fax: (706) 882-4062
jgbaker@jgbpc.com

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$525.00** per month to Trustee by **(XX)**Payroll Deduction(s) or by ( )Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and §1326(a)(1)(C).

    The following alternative provision will apply if selected:

    \_ IF CHECKED, Plan payments will increase by $\_\_\_ on _____ upon completion or termination of lease with _____.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    **(A)** **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    **(B)** Debtor's Attorneys' Fees. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $4,000.00 for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $0.00 was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $4,000.00, as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $4,000.00 after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $75.00 per month until the fees are paid in full; (2) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $2,000.00 (amount not to exceed $2,000.00); (3) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of $2,000.00 as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

5. **Priority Claims.**

    (A). **Domestic Support Obligations**

     X   None. If none, skip to Plan paragraph 5(B).

        (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GEORGIA 30240**
**Telephone: (706) 884-3059**
**Fax: (706) 882-4062**
**jgbaker@jgbpc.com**

(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

(iii). Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. §507(a)(1) will be paid in full pursuant to 11 U.S.C. §1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

__X__ None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
|---|---|---|
| None | | |

(b) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.
__X__ None: or

Claimant and proposed treatment: _____

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Illinois Department of Revenue | Notice Only |
| Internal Revenue Service | Notice Only |

**6. Secured Claims**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

___ Directly to the creditor; or

__X__ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection Payment amount |
|---|---|---|
| Consumer Portfolio Services | 2007 Honda Accord | $75.00 |
| Speedy Cash Illinois, Inc. | 2008 Ford Explorer | $75.00 |

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GEORGIA 30240**
Telephone: (706) 884-3059
Fax: (706) 882-4062
jgbaker@jgbpc.com

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in paragraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

\_\_ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Consumer Portfolio Services | 2007 Honda Accord | 6/2016 | $11,919.91 | 6.5% | $240.00 |
| Speedy Cash Illinois, Inc. | 2008 Ford Explorer | 8/2/2017 | $8,425.09 | 6% | $175.00 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the valued indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of the funds.

\_X\_ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly Payment |
|---|---|---|---|---|---|
| None | | | | | |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| None | | | |

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GEORGIA 30240**
Telephone: (706) 884-3059
Fax: (706) 882-4062
jgbaker@jgbpc.com

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to a confirmation of this plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Life the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| None | |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$12,598.20.** After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$125.98 or  1 %,** whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

_ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for Information purposes) |
|---|---|---|---|
| Home Property Management | Residential lease | $875.00/month | -0- |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of the case, unless the Court orders otherwise.

10. **Other Provisions:**

   **(A)   Special classes of unsecured claims.**

   **(B)  Other Direct Payments: None**

   **(C)  Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with **4.25**% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above)) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GEORGIA 30240**
**Telephone: (706) 884-3059**
**Fax: (706) 882-4062**
**jgbaker@jgbpc.com**

(D) Claims subject to lien avoidance pursuant to 11 U.S.C.§522(f): The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors: NONE

(E) Following the completion of any payments described in Paragraphs 4(B), 6(A)(ii)(a), 5(A)(iii) and 6(A)(ii)(b), the funds described to be paid to each specific creditor in paragraphs 4(B), 5(A)(iii), 6(A)(ii)(a) or paragraph 6(A)(ii)(b) shall be split pro-rata between any remaining secured, priority or administrative creditors.

(F) Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and that Debtor will pay these post-petition expenses outside the plan unless the Court has disallowed them on a Motion filed under Fed. R. Bankr. P. 3002.1(e).

(G) Any federal tax refund to be received by the Debtor during the Applicable Commitment Period (ACP) shall be paid into the Debtor's Chapter 13 case for distribution to creditors. As a result the Debtor authorizes and instructs the United States Department of the Treasury, Internal Revenue Service, to send any tax refund for the three (3) calendar years ending December 31, 2017, December 31, 2018, and December 31, 2019, directly to the Debtor's Chapter 13 Trustee, Melissa J. Davey at 260 Peachtree Street, NW, Suite 200, Atlanta, GA 30303, pursuant to 11 U.S.C. §1325(a)(3) and §1325(b)(1)(B). However the Debtor may be entitled to the first $1,500.00 of said refund without Court approval.

This 26th day of February, 2018.

/s/ James G. Baker
James G. Baker
Attorney for Debtor
Georgia Bar No. 033717

JAMES G. BAKER, P.C.
305 NORTH GREENWOOD STREET
LAGRANGE, GEORGIA 30240
Telephone: (706) 884-3059
Fax: (706) 882-4062
jgbaker@jgbpc.com

**DECLARATION**

I, Debtor in the within and foregoing case, declare under penalty of perjury that I have read the foregoing First Amended Chapter 13 Plan and exhibits attached thereto and that it is true and correct to the best of my knowledge, information and belief.

This <u>26th</u> day of February, 2018.

<u>/s/ Mark Arsenio Mingo</u>
Mark Arsenio Mingo

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GEORGIA 30240**
**Telephone: (706) 884-3059**
**Fax: (706) 882-4062**
**jgbaker@jgbpc.com**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| IN RE: | \| | CHAPTER 13 |
| | \| | |
| Mark Arsenio Mingo | \| | CASE NO. 17-12526-whd |
| SSN: xxx-xx-5713 | \| | |
| | \| | |
| Debtor | \| | Judge W. Homer Drake, Jr. |

**CERTIFICATE OF SERVICE**

The undersigned, James G. Baker, attorney for the Debtor, 305 North Greenwood Street, LaGrange, Georgia 30240 hereby certifies:

That I am, and at all times hereafter mentioned, was more than 18 years of age, and that on the day of  26th February, 2018,  I served a copy of the within **AMENDMENT** filed in the above case on:

Melissa J. Davey, Chapter 13 Trustee, 260 Peachtree St. NW, Suite 200, Atlanta, GA 30303

and the creditors and interested parties shown on the Exhibit attached hereto by mailing same by first class mail with adequate postage affixed thereto to assure delivery.

/s/ James G. Baker
James G. Baker
Attorney for Debtor
GA Bar No. 033717

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GEORGIA 30240**
**Telephone: (706) 884-3059**
**Fax: (706) 882-4062**
**jgbaker@jgbpc.com**

```
Label Matrix for local noticing          Advocate Illinois Masonic              Advocate Trinity
113E-3                                   Medical Center                         c/o State Collection Service
Case 17-12526-whd                        PO Box 4247                            PO Box 6250
Northern District of Georgia             Carol Stream, IL 60197-4247            Madison, WI 53716-0250
Newnan
Tue Jan 30 09:48:01 EST 2018

James G. Baker                           COMMONWEALTH EDISON COMPANY            CONSUMER PORTFOLIO SERVICES
James G. Baker, P.C.                     THREE LINCOLN CENTRE                   19500 Jamboree Road
305 North Greenwood St.                  OAKBROOK TERRACE, IL 60181-4204        IRVINE, CA 92612-2411
LaGrange, GA 30240-2605


CONSUMER PORTFOLIO SERVICES              Cardiovascular Consultants LLP         Consumer Portfolio Services
PO BOX 57071                             2850 West 95th Street                  PO Box 98706
IRVINE, CA 92619-7071                    Suite 305                              Phoenix, AZ 85038-0706
                                         Evergreen Park, IL 60805-2741


Melissa J. Davey                         Direct Loans/City Colleges of          Discover Student Loans
Melissa J. Davey, Standing Ch 13 Trustee Chicago-Kennedy King College           PO Box 30947
Suite 200                                6301 South Halsted                     Salt Lake City, UT 84130-0947
260 Peachtree Street, NW                 Chicago, IL 60621-2709
Atlanta, GA 30303-1236

ECMC                                     FAMS Services                          Home Property Management
PO BOX 16408                             PO Box 1423                            PO Box 222
ST PAUL, MN 55116-0408                   Elk Grove Village, IL 60009-1423       Grantville, GA 30220-0222


Illinois Department of Revenue           Internal Revenue Service               Internal Revenue Service
Springfield, IL 62719-0001               401W Peachtree St NE Stop 334D         PO Box 7346
                                         Atlanta, GA 30308-3518                 Philadelphia, PA 19101-7346


(p)INTERNAL REVENUE SERVICE              Little Company of Mary                 Mark Arsenio Mingo
CENTRALIZED INSOLVENCY OPERATIONS        Affiliated Services, Inc.              501 Boulevard
PO BOX 7346                              2800 W 87th Street                     Lagrange, GA 30240-3011
PHILADELPHIA PA 19101-7346               Chicago, IL 60652-3831


Saint Anthony Hospital                   Saint Bernard Hospital and             Southwest Orthopedics, S.C.
PO Box 809109                            Health Care Center                     9618 Southwest Highway
Chicago, IL 60680-9109                   326 West 64th Street                   Oak Lawn, IL 60453-2862
                                         Chicago, IL 60621-3114


Speedy Cash Illinois, Inc.               The Cardiology Group LLC               U. S. Attorney
8701 S. Cottage Grove Ave                2800 W. 87th Street                    600 Richard B. Russell Bldg.
Chicago, IL 60619-6903                   Chicago, IL 60652-3831                 75 Ted Turner Drive, SW
                                                                                Atlanta GA 30303-3315


US Department of Education
400 Maryland Avenue, SW
Washington, DC 20202-0001
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 931200
Louisville, KY 40293

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)CONSUMER PORTFOLIO SERVICES
19500 Jamboree Road
Irvine, CA 92612-2411

End of Label Matrix
Mailable recipients   27
Bypassed recipients    1
Total                 28